UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually, :
: Case No. 1:18-cv-10491
        Plaintiff, :
v. :
:
:
OSPREY OTSEGO PROPERTIES, L.L.C., a :
Michigan limited liability company :
:
:
And :
:
MISSION POINT OTSEGO OPERATING
LLC, a Michigan limited liability company

        Defendant.
_____/

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, MICHAEL MILES, Individually, hereby sues the Defendant, Osprey Otsego Properties, LLC, a Michigan limited liability company and, Mission Point Otsego Operating LLC, a Michigan limited liability Company, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**PARTIES**

1. Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County of Hancock.

2. Defendant Osprey Otsego Properties, LLC.'s property, Otsego Club and Resort is located at 696 M-32 East, Gaylord, MI 49735 in Otsego County.

3. Defendant Mission Point Otsego Operating LLC's business, Otsego Club and Resort is

located at 696 M-32 East, Gaylord, MI 49735 in Otsego County.

## JURISDICTION AND VENUE

4. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendants' property and business is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

7. Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Michael Miles is paraplegic and uses a wheelchair for mobility. Michael Miles is an avid and accomplished adaptive golfer and has on no fewer than three occasions in 2015, 2016 and 2017 visited, been a customer, overnight guest and/or golfer at the resort which forms the basis of this lawsuit. He has firm plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Michael Miles had attempted repeatedly in 2017 to return to Otsego Club and Resort as an overnight guest but after repeated attempts by telephone could not secure a reservation for an accessible guestroom other than the same non-accessible room he had previously stayed in Tyrol Lodge. Whereas, he requested an accessible guestroom in one of the

resort's numerous other type and classes of room but either they do not exist or, allegedly were perpetually reserved the entire summer (which is subject to verification).

9. The Plaintiff has encountered numerous architectural barriers at the subject property. The barriers to access at the property have endangered his safety, his enjoyment of the resort's amenities and features and his ability to use the facilities independently.

10. Defendants own, lease, leases to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, leases or leases to is known as the Otsego Club and Resort and is located at 696 M-32 East, Gaylord, MI 49735.

11. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subject to discrimination in violation of the ADA by the Defendants. MICHAEL MILES desires to visit Otsego Club and Resort not only to avail himself of the goods and services available at the property but also assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendants have discriminated and are continuing to discriminate, against the

Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less); and, by failing to have established policies and procedures for the benefit of disabled patrons and invitees; and, by failing and refusing to acquire necessary auxiliary devices essential to the primary function of its place of public accommodation. A preliminary inspection of Otsego Club and Resort has shown that violations exist. These violations include, but are not limited to:

**Parking**

 A. Designated accessible parking spaces, where there are any at all, are not dispersed on accessible routes through the parking facilities, in violation of the ADA whose remedy is readily achievable.

 B. There are no properly marked designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

 C. There is no signage marking some designated accessible parking, in violation of the ADA whose remedy is readily achievable.

 D. There are some designated accessible parking spaces without adjacent access aisles, in violation of the ADA whose remedy is readily achievable.

 E. Parking access aisles, if any, do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

**Accessible Routes**

 F. There is no clearly marked accessible route to enter the golf clubhouse and 60% of entrances are not accessible due to half with steps on the route, in violation of the ADA whose remedy is readily achievable.

 G. There is no accessible route to access the outdoor swimming pool due to steps to enter the facility, in violation of the ADA whose remedy is readily achievable.

 H. There is no accessible route to access the resort vending machines due to a step and narrow door on the route, in violation of the ADA who remedy is readily achievable.

 I. There is no accessible route to the first aid station or ski patrol center as a result of

stairs on the accessible route, in violation of the ADA whose remedy is readily achievable.

J. There is no accessible route to enter the front entryway of the Headwaters Golf Shop due to stairs on the route and a dangerous and non-compliant ramp used primarily for service access at the rear entryway, in violation of the ADA whose remedy is readily achievable.

K. There is not a firm stable and slip resistant accessible route to picnic tables and recreational outdoor facilities, in violation of the ADA whose remedy is readily achievable.

**Restrooms**

Headwaters Golf Shop Unisex Restroom

L. There is insufficient clear floor space to access the water closet, in violation of the ADA whose remedy is readily achievable.

M. There is insufficient maneuvering clearance space at the various elements, in violation of the ADA whose remedy is readily achievable.

N. There are no rear or side grab bars installed at the water closet, in violation of the ADA whose remedy is readily achievable.

O. The water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

P. There is no knee and toe clearance to use the lavatory, in violation of the ADA whose remedy is readily achievable.

Hotel Lobby and Restaurant

Q. The door width on all restrooms is insufficient for a wheelchair to navigate, in violation of the ADA whose remedy is readily achievable.

R. The flush control on the water closet in the accessible toilet compartment is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

S. There are no door pulls installed on both sides of the accessible toilet compartment doors, in violation of the ADA whose remedy is readily achievable.

T. There are amenities such as coat hooks mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

U. The bathroom mirror above the lavatory is mounted in excess of allowed height above the floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

V. There are exposed pipes under the lavatory not insulated to protect for scalding or contact, in violation of the ADA whose remedy is readily achievable.

Golf Clubhouse Unisex Restrooms

W. There is insufficient clear floor space to access the water closet, in violation of the ADA whose remedy is readily achievable.

X. There is no knee and toe clearance to use the lavatory, in violation of the ADA whose remedy is readily achievable.

Y. There are no or non-compliant grab bars surrounding the water closet, in violation of the ADA whose remedy is readily achievable.

Z. There is door hardware that requires tight clasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

AA. The water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

The Logmark & Otsego Fitness Room Restrooms

BB. There is no signage mounted as required identifying the restrooms, in violation of the ADA whose remedy is readily achievable.

CC. There are exposed pipes under the lavatory not insulated to protect for scalding or contact, in violation of the ADA whose remedy is readily achievable.

DD. There is insufficient clear floor space to use the toilet compartment, in violation of the ADA whose remedy is readily achievable.

EE. There are no rear or side grab bars surrounding the water closet, in violation of the ADA whose remedy is readily achievable.

FF. The toilet paper dispenser is not mounted 7-9 inches from the front edge of the water closet, in violation of the ADA whose remedy is readily achievable.

GG. The toilet compartments lack door pulls on both sides and are not self-closing, in violation of the ADA whose remedy is readily achievable.

    HH.    The restroom signage is non-compliant, lacking tactile braille and the symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

**Access to Goods and Services**

    II.  There are service and transaction counters at the hotel registration, the golf clubhouse, the Headwaters Golf Shop, the snack counter, that exceed 36 inches without any equivalent facilitation or lowered transaction counters, in violation of the ADA whose remedy is readily achievable.

    JJ.  There are not two accessible means of entry to the outdoor swimming pool including no adaptive pool lift, in violation of the ADA whose remedy is readily achievable.

    KK.    There is no handicap access to any vending machines throughout the resort, in violation of the ADA whose remedy is readily achievable.

    LL. There are no or an insufficient percentage of seating and standing dining surfaces and tables at the restaurants and snack areas throughout the resort.

**Policies and Procedures**

    MM.    The owner and/or operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

    NN.    The operator charges the identical stay-and-play packages price and green fees for a golfer who brings a personal adaptive golf cart as an able-bodied golfer or stay-and-pay guest who is provided a golf cart with their green fee. This effectively charges an illegal surcharge under the ADA to the disabled golfer who is not provided equal services.

    OO.    The operators' agent cannot identify and describe accessible features in the guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given guest room meets his or her accessibility needs.

    PP. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Michael Miles.

    QQ.    The operator lacks policy to ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type.

**The Golf Courses**

   RR.   There are no adaptive golf carts available for patrons and golfers with disabilities, whereas an entire fleet of standard golf carts are available for rent on demand by able bodied golfers, in violation of the ADA whose remedy is readily achievable.

   SS.   The ADA prohibits discrimination that includes the denial of the opportunity to participate in or benefit from the good, services, or facilities provided by an entity on an equal basis with non-disabled individuals. 42 U.S.C. §12182(b)(A). Otsego's practices place disabled golfers in a distinctly unequal situation compared to their able-bodied counterparts.

The Classic

   TT. There are shelter houses on the golf course that do not comply with the dimensional ground spaces requirements of the ADA and do not have accessible rotes to enter in violation of sections 1006.2 and 1006.4 of the 2010 Standards.

   UU.   The permanent restrooms located at Hole #5 on The Classic have no accessible route to enter due to doors with insufficient width, door hardware that requires tight clasping to operate, insufficient clear floor space, no rear or side grab bars on the water closet, no or insufficient knee or toe clearance at the lavatory, mirrors mounted in excess of the allowable height above the floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

The Tribute

   VV.   There are portable toilet units provided for use on The Tribute golf course and none have accessibility use features such as grab bars, sufficient clear floor space and an accessible threshold to enter, in violation of the ADA whose remedy is readily achievable.

   WW.   There are shelter houses on the golf course that do not comply with the dimensional ground spaces requirements of the ADA and do not have accessible rotes to enter in violation of sections 1006.2 and 1006.4 of the 2010 Standards.

**Hotel Guestrooms**

   XX.   The designated accessible guestrooms are not disbursed among the various classes of guestrooms, including Hilltop Lodge, Blue Spruce Lodge, Tyrol Lodge, Loft Lodge and Chalets.  These rooms offer different square footages, amenities and widely varied price points, whereas it is a requirement that accessible rooms be available throughout the classes and types of rooms, in violation of the ADA whose remedy is readily achievable.

    YY.    There are no mobility accessible guestrooms fitted with a compliant roll-in shower, in violation of the ADA whose remedy is readily achievable.

    ZZ.    There are an insufficient total number of designated mobility accessible guestrooms at the resort.

Tyrol Lodge room # 64

    AAA.    There is no pipe insulation to protect for scalding or contact on the lavatory pipes, in violation of the ADA whose remedy is readily achievable.

    BBB.    There are amenities mounted in excess of allowable reach, including the closet rod, hairdryer, iron and others, in violation of the ADA whose remedy is readily achievable.

    CCC.    The curtain controls require tight-clasping and twisting, in violation of the ADA whose remedy is readily achievable.

    DDD.    The flush control of the water closet is not located on the open side of the unit in violation of the ADA whose remedy is readily achievable.

    EEE.    The are no handheld adjustable spray units on hoses in the shower, in violation of the ADA whose remedy is readily achievable.

    FFF.    The shower in the mobility accessible guestroom cannot be used by a person with mobility impairment due to a narrow width glass door entrance, a significant threshold at the entry point and other barriers, each in violation of the ADA whose remedy is readily achievable.

14.    The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and experienced unequal treatment for participation in the establishment's primary function of golf and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA

violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15.    Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16.    Otsego Club and Resort, is a public accommodation and service establishment, and as such must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17.    Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendants' property and business failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.*

18.    Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until the Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein; to create and implement lawful policy and procedures for the benefit of patrons and guests with disabilities; and, to make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19.    The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable

harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and procedural ADA violations that exist at the Facility, including those set forth herein.

20.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations and implement procedures and policies to the extent as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

21.     Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22.     Otsego Club and Resort, is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23.     Defendants have committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

24.     Whereas, Michael Miles paid full retail price for goods and services he could not fully enjoy or in some instances could not use at all as a result of Defendants' discrimination.

25.     Whereas, when this part of the golf facility is in use, there is no accessible route to enter the Headwaters Golf Shop at Otsego Club and Resort.  Mr. Miles had to send a surrogate into the building to check-in for his tee-time and purchase food and drinks throughout a 2015 visit to the property.

26.     Whereas, there is no access to a restroom facility for Mr. Miles or others similarly

situated with mobility impairments on either of the resort's two golf courses. This is unreasonable considering a round of golf, plus socializing with others at the golf course can and does last for period of four to five hours and longer.

27. Whereas, Otsego Resort rents carts to able-bodied golfers but does not rent golf carts that mobility impaired golfers can use. Most resort guests with a tee time can simply show up at Otsego Resort and play either of its two golf courses. Disabled patrons, such as Mr. Miles specifically, can only play Otsego Resort if (1) they have the resources to own an accessible cart, a car and a trailer, (2) they pay to store, maintain and charge up the cart, (3) the course is close enough for them to drive to, and (4) they are physically able, despite their disability, to transfer the cart on and off the trailer.

28. Whereas, Mr. Miles could not bath or shower during an overnight accommodation at the Otsego Club & Resort because the guestroom the Defendants hold out as a designated mobility accessible guestroom has a shower that most, if not all, disabled people with mobility impairment could not use to bath, including Michael Miles.

29. Whereas, the Defendants' reservation operators cannot identify and describe accessible features in the guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given guest room meets his or her accessibility needs.

30. Whereas, Michael Miles attempted in the golf season of 2017 to repeatedly reserve a mobility accessible guestroom in any one of the Resort's upgrade suites and specifically not in the Tyrol Lodge (the facility he had been an overnight guest previously and had a shower that was not usable). Mr. Miles was told the preferred accessible suites allegedly were perpetually reserved the entire summer (which is subject to verification) however Mr. Miles believes the

additional mobility accessible guestrooms do not exist or they exist in an insufficient number or are not dispersed among the various classes as the law requires.

31. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

for Count II, compensatory and exemplary damages, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr_____
Owen B. Dunn, Jr., Esq. MI Bar Number P66315
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica
4334 W. Central Ave., Suite 222

                                  Toledo, OH 43615
                                  (419) 654-1622 – Phone
                                  (419) 241-9737 - Facsimile
                                  valeriefatica@gmail.com
                                  *admitted to E. Dist of MI